**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

| | } | |
|---|---|---|
| **In re Jackson Subdivision ROW Access** | } | **Docket No. 195-9-07 Vtec** |
| | } | |

**Decision on Motion to Amend and Request for Costs**

This matter arises out of a decision by the Town of Bristol Zoning Board of Adjustment ("ZBA"), approving Andrew Jackson's application for an expanded right-of-way to access a proposed subdivision on 10 High Street in Bristol. Appellants Lynn and Terry Brown appealed this decision, and Mr. Jackson cross-appealed to seek a determination of the extent of authority granted to the ZBA and the Town of Bristol Selectboard ("Selectboard") by §§ 502 and 620 of the Town of Bristol Zoning Bylaws and Regulations ("Zoning Bylaws").

The Browns are represented by Debra L. Bouffard, Esq. Mr. Jackson is an attorney and represents himself. The Town of Bristol ("Town") is represented by William E. Flender, Esq.

We issued a decision dated July 8, 2008 ("Decision"), in which this Court dismissed all six of the Questions in the Browns' Statement of Questions, as well as all three of the Questions in Mr. Jackson's Statement of Questions "to the extent that they refer to § 620 and the conditions based thereon, as they seek review of issues not properly preserved for our review in this appeal." Decision at 13. The Decision also granted summary judgment in favor of Mr. Jackson, specifically determining that Mr. Jackson's right-of-way access for his proposed subdivision conformed with Zoning Bylaws § 502. The Browns thereafter filed a motion to amend the Decision. Mr. Jackson responded and also filed a request that the Court direct the Browns to reimburse his out-of-pocket costs in conducting and transcribing a deposition of Mr. Brown. We address each of the pending motions in this Decision.

### I. Motion to Amend

We analyze motions to amend or reconsider a decision under a very restrictive standard of review. The decision to grant relief requested by a motion to amend or reconsider is "committed to the court's sound discretion." Rubin v. Sterling Enters., 164 Vt. 582, 588 (1996). In ruling on such motions, we review earlier decisions "for the presence of legal error or the absence of factual support." Town of Hartford v. Wood, Nos. 72-3-00 Vtec, 121-7-03 Vtec, 185-10-04 Vtec, 81-4-07 Vtec, & 176-8-07 Vtec, slip op. at 8 (Vt. Envtl. Ct. Mar. 6, 2008)

(Durkin, J.) (citing Garrow v. Garrow, 150 Vt. 426, 428 (1988)). If amendment of the judgment serves no useful purpose, the motion will be denied. In re S. Vill. Cmtys., LLC, No. 74-4-05 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 14, 2006) (Durkin, J.) (citing 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).

Reconsideration and amendment is "an extraordinary remedy that should be used sparingly." Id.; In re Bouldin Camp – Noble Road, No. 278-11-06 Vtec, slip op. at 1 (Vt. Envtl. Ct. Sept. 13, 2007) (Wright, J.). Disagreement between the moving parties and the Court is not grounds for amendment or reconsideration. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.).

Motions to amend a Court decision can, however, serve a useful purpose, particularly when amendment will allow a trial court to reverse an error it may have made and thereby reduce the expense of prosecuting an appeal to correct that error.

We have held on numerous occasions that motions to amend or reconsider should not be used to repeat arguments that have been raised and rejected by the Court in the earlier decision. Id. at 1. Rather, the limited functions of such a motion are "to 'correct manifest errors of law or fact' on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Because these purposes are so narrow, motions to amend or reconsider are usually denied. In re S. Vill. Cmtys., LLC, No. 74-4-05 Vtec, slip op. at 2 (citing 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).

In this case, we are hard pressed to discern how Appellants' present motion fits into the narrow set of circumstances in which the granting of an amendment or reconsideration is proper. The Browns appear to include a general repetition of their previous argument that this Court somehow has the jurisdictional authority and obligation under the Zoning Bylaws to direct Selectboard review of Mr. Jackson's § 502 access application. As stated in our Decision, we find no authority in the Zoning Bylaws for the ZBA in the first instance, or this Court on appeal, to direct the Selectboard to conduct such review. The only application before the ZBA or this Court was that of Mr. Jackson, seeking a determination that his newly subdivided parcel was served by an easement that conformed with Bylaws § 502. To reach beyond that application to

address what further approvals Mr. Jackson could or should obtain for his development requires this Court to exceed its jurisdictional authority. We have already emphasized in our Decision the reasons why such overreaching would be improper. We cannot ignore our jurisdictional constraints.

Appellants suggest that this Court remand the pending application back to the ZBA, so that the ZBA may determine what conditions should be imposed and whether § 620 review should be required. We cannot discern how such a remand would be wise or proper. We fear that such a remand would only force the parties to re-litigate their dispute before the ZBA, and then return to this Court on appeal. Such a remand would only evidence this Court abdicating its responsibility to render a determination in this <u>de novo</u> appeal.

Appellants also appear to infer that this Court has issued Mr. Jackson a "zoning permit." We have done no such thing. Rather, we sought to address all land use requests posed by Mr. Jackson's application that were preserved for our review by the appeal and cross-appeal in this case. In our Decision, we concluded that the only issue properly before this Court was whether the easement serving Mr. Jackson's land-locked parcel conformed with Zoning Bylaws § 502. Since no application was made for § 620 approval, no Selectboard determination under § 620 was made and properly appealed to this Court, and since we concluded that § 620 approval was not a pre-condition to § 502 approval, we concluded that addressing § 620 in this appeal was improper. Decision at 5–6, 9–12. Appellants have offered no legal foundation for disturbing our prior determination. We therefore decline to amend our earlier Decision and **DENY** the Browns' motion to amend.[1]

## II.    Request for Costs

Mr. Jackson has asked this Court to award him costs in the amount of $168.35, to be paid by the Browns. Mr. Jackson represents that he incurred these costs in conducting a deposition of Mr. Brown and then having the deposition tape recording transcribed so that Mr. Jackson could refer to Mr. Brown's statements in the various pleadings Mr. Jackson filed with this Court.

---

[1] Although our previous Decision stands as is and will not be amended, we note that it is unclear whether the Browns are correct in interpreting that Decision as "effectively den[ying] the Browns all avenues to assert their claims and concerns" regarding the applicability of § 620. (Appellant's Mot. Amend J. at 3.) Even Mr. Jackson has admitted that the Browns can still "request that the Selectboard determine that the Jackson project was subject to the provisions of § 620." (Cross Appellant's Resp. to Appellant's Mot. Amend at 2.) The Decision itself explicitly declined to rule on this matter and stated that "the record before us does not reveal that a Selectboard determination on the applicability of § 620 has been made." Decision at 6.

Appellants do not dispute that Mr. Jackson actually incurred these costs in connection with Mr. Brown's deposition and do not assert that the amount of these costs was unreasonable for the supplies and services used. Appellants do assert, however, that it would be improper for the Court to order them to reimburse such costs.

As the prevailing party, Mr. Jackson asserts that he should be awarded these costs, pursuant to V.R.C.P. 54(d)(1), which states that "[c]osts other than attorneys' fees shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs." The Browns disagree and note that they have already expended large amount of resources on this case and should not have to pay anything more.

Although we are sympathetic to the fact that the Browns have already had to spend a great deal of money on this case, we have a duty to evaluate Mr. Jackson's claim objectively. The Vermont Rules of Civil Procedure, which (according to V.R.E.C.P. 5(a)(2)) are applicable to proceedings before the Environmental Court, represent a policy decision to reimburse a party that was forced to litigate a claim on which that party ultimately prevailed. See V.R.C.P. 54(d)(1). Indeed, we are directed to award such costs "as of course." Id. Nevertheless, the prevailing party cannot recover costs that were incurred unnecessarily, an issue that arises when (as happened here) the prevailing party takes a deposition that the other party asserts to be unnecessary. On this note, the Rules have a special section addressing the costs of depositions:

> The taxing of costs in the taking of depositions shall be subject to the discretion of the court. No costs shall be allowed unless the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at trial. Taxable costs may include the cost of service of subpoena upon the deponent, the reasonable fee of the officer before whom the deposition is taken, the stenographer's reasonable fee for attendance, and the cost of the original transcript of the testimony or such part thereof as the court may fix.

V.R.C.P. 54(g) (emphasis added).

The costs for which Mr. Jackson seeks reimbursement are all related to the taking of Mr. Brown's deposition. In fact, apparently in an effort to minimize the deposition costs, Mr. Jackson forewent the use of a stenographer and instead used a tape recorder and had the tape transcribed. Nonetheless, this Court must determine whether these costs were "reasonably necessary" before they can be awarded to Mr. Jackson. Id.

We conclude that the requested costs were reasonably necessary. It is clear from Mr. Jackson's use in his pleadings of Mr. Brown's deposition statements that the deposition served

4

the purpose of understanding Appellants' factual representations and the legal foundations for their appeal. Mr. Jackson submitted a copy of the transcript from Mr. Brown's deposition in support of his pleadings and made specific references to the Brown deposition transcript in his statement of undisputed or disputed facts. The Brown deposition transcript helped this Court in at least two instances determine what facts remained disputed.

For all of these reasons, we find that the deposition of Lynn Brown was necessary and limited to reasonable and actual out-of-pocket costs that this Court is authorized to direct Appellants, as the party against whom this Court ruled, to reimburse. See V.R.C.P. 54(g). Mr. Jackson's request for costs is therefore **GRANTED**. Appellants are directed to provide reimbursement to Mr. Jackson in the amount of $168.35 within thirty days of this Decision

## Conclusion

For all of the reasons more fully discussed above, the Browns' motion to amend the Decision is **DENIED**, and Mr. Jackson's request for costs is **GRANTED**. This proceeding, previously concluded by this Court's Decision of July 8, 2008, remains closed.

Done at Berlin, Vermont this 20th day of January 2009.

_____
Thomas S. Durkin, Environmental Judge